UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MELDA TRIDICO**

**VERSUS**

**ALLIANZ UNDERWRITERS INSURANCE COMPANY, ET AL.**

**CIVIL ACTION**

**NO. 24-302-JWD-RLB**

### RULING AND ORDER

This matter comes before the Court on *Defendants' Rule 12(b)(6) Motion to Dismiss* (Doc. 23) filed by Defendants Allianz Underwriters Insurance Company ("Allianz") and Saia Motor Freight Line, LLC ("Saia") (collectively, "Defendants"). Plaintiff Melda Tridico ("Tridico" or "Plaintiff") opposes the motion. (Doc. 27.) Defendants have filed a reply. (Doc. 28.) The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' motion is denied.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of an automobile accident that occurred on or about November 17, 2022, in Livingston Parish. (Doc. 1-3 at 1, ¶ 2.) Plaintiff alleges she was stopped at an intersection when she was struck by a tractor trailer believed to be owned by Knight Transportation, Inc. ("Knight"), or, in the alternative, Saia. (*Id.* at 1–2, ¶¶ 3, 4.) Plaintiff claims the trailer was insured by Allianz. (*Id.* at 3, ¶ 11.)

On November 16, 2023, Plaintiff filed suit in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, and therein sued Knight, Saia, and Allianz for injuries arising out of the automobile accident. (*Id.* at 2–3.) Defendant Saia removed Plaintiff's suit to federal court on April 12, 2024. (Doc. 1.) On December 2, 2024, Defendants filed this motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 23.)

## II.     RULE 12(B)(6) STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 499 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). The Court does "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679).

The Court's "task, then, is 'to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678)). "[A] claim is plausible if it is supported by 'enough fact[s] to raise a reasonable expectation that

discovery will reveal evidence of [the alleged misconduct].'" *Calhoun v. City of Hous. Police Dep't*, 855 F. App'x 917, 919–20 (5th Cir. 2021) (per curiam) (quoting *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

#### A. Parties' Arguments

##### 1. Defendants' Original Memorandum (Doc. 23-2.)

Defendants filed the instant motion "seeking dismissal without prejudice of the claims made against Allianz. . . ." (Doc. 23-2 at 1.) Defendants argue that the "recent amendment to the Direct Action Statute, La. Rev. Stat. § §22:1269, precludes Plaintiff from bringing claims directly against Allianz until after a judgment, unless certain exceptions are met." (*Id*.) Defendants contend that the amendment "do[es] not affect the plaintiff's substantive right to seek recovery against the insured under any circumstances" and that the amendment is "only procedural[] because it changes the time when suit can be brought against the insurer, . . . but not the ability to sue the insurer." (*Id*. at 7–8.) Defendants contend that the well settled jurisprudence establishes that the Direct Action "[S]tatute does not create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." (*Id*. at 9) (quoting *Descant v. Administrators of Tulane Educ. Fund*, 93-3098, 639 So. 2d 246, 249 (La. 7/5/94).) Defendants assert that because the amendment is procedural, pursuant to La. Civ. Code art. 6, it "should be applied retroactively to suits filed before the statute's amendment date." (*Id*. at 8) (citing *Howard v. J&B Hauling, LLC*, No. 22-993, 2024 WL 4647820 (E.D. La. Sept. 26, 2014) (holding that the Direct Action Statute was procedural, and thus, applies retroactively).) Therefore, "Defendants urge this Court to apply the amended statute and dismiss Allianz as a party until either a judgment is entered, or a settlement is reached." (*Id*.)

3

### 2. Plaintiff's Opposition (Doc. 27.)

Plaintiff contends that the Defendants' motion should be denied because "the 2024 amendment deals with vested substantive rights and should not be applied retroactively. . . ." (Doc. 27 at 1.) Plaintiff asserts that "Defendants clearly acknowledge that Plaintiff's Petition for Damages set forth a valid cause of action against Allianz" and "[f]or this reason alone, Defendants' Motion to Dismiss . . . must fail." (*Id.* at 3) (citing Doc. 23-2 at 10.) Plaintiff maintains that "in arguing that the amendment[] [is] merely procedural, Defendants must show that [the] amendment[] 'do[es] not affect the plaintiff's substantive right to seek recovery against the insured under any circumstance.'" (*Id.*) (quoting Doc. 23-2 at 2.) Plaintiff argues that, in doing so, "Defendants are unable to show that Plaintiff has failed to state a cause of action" and therefore, "Defendant[]s' Motion must fail." (*Id.*)

Plaintiff claims that the Direct Action Statute "cannot be applied retroactively" because the Statute "provides substantive rights of action which are eliminated by the amendment[.]" (*Id.* at 5.) Plaintiff maintains that although the Louisiana Supreme Court used the term *procedural right of action* when discussing the Direct Action Statute, "the Court recognized that the Statute 'gave special rights to tort victims' who, without such special rights, 'would have no right of action' to bring suits against insurers." (*Id.* at 6) (quoting *Soileau* v. *Smith True Value and Rental,* 2012-1711 (La. 6/28/13), 144 So. 3d 771, 775-76.) Plaintiff contends "it is clear that the Direct Action Statute was not just a procedure for enforcing an existing substantive right, but actually provided the substantive right and cause of action against a tortfeasor's insurer, since tort victims had no direct right or cause of action against a tortfeasor's insurers prior to the . . . Statute's enactment." (*Id.*) Therefore, Plaintiff contends that "the amended Direct Action Statute can only be applied prospectively." (*Id.* at 8.)

4

In addition, Plaintiff asserts that the Direct Action Statute cannot be applied retroactively because it would deprive "Plaintiff of a vested right in violation of constitutional due process guarantees." (*Id*. at 9) (citing *Smith v. Fortenberry*, No. 24-1647, 2024 WL 4462332, at *1 (E.D. La. Oct. 10, 2024).) Plaintiff maintains that prior to August 1, 2024, plaintiffs had a right to bring a claim against the insurer and once they exercised that right, i.e. filed suit, it became "a vested property right that cannot be divested retroactively." (*Id*. at 9–10) (citing *Baker v. Amazon Logistics, Inc.*, No. 23-3991, 2024 WL 4345073 (E.D. La. Sept. 30, 2024).) Plaintiff contends "it would be unconstitutional to strip away the vested right and retroactively apply the amended Direct Action Statute to claims against insurers prior to August 1, 2024." (*Id*. at 10) (citing *Maise v. River Ventures, L.L.C.*, No. 23-5186, 2024 WL 4266698 (E.D. La. Sept. 23, 2024).)

Lastly, Plaintiff makes a policy argument that a ruling granting Defendants' request "has the potential to affect and cause litigation in millions of cases across the state" and "would result in Exceptions being filed and litigated in all of th[o]se cases." (*Id*.) Plaintiff contends that "the consequences of finding this amendment to apply retroactively are expansive, expensive, and quite dire." (*Id*.)

### 3. Defendants' Reply (Doc. 28.)

Defendants first reiterate that Plaintiff "does not have a cause of action against a third party's insurer, there exists only a right of action." (Doc. 28 at 1.) Defendants argue that Plaintiff "relies on jurisprudence that conflates the terms 'cause of action' and 'right of action,'" and in doing so, "Plaintiff repeatedly conflates the two distinct concepts of a 'vested property right' in a cause of action and a procedural right of action." (*Id*.) Defendants allege that Plaintiff "inaccurately asserts that the Direct Action Statute provides substantive rights of action which are eliminated by the amendment", and therefore, "cannot be applied retroactively." (*Id*. at 1–2.) (quoting Doc. 27

5

at 5.) Defendants claim that these statements are "inaccurate interpretations of the statute, the recent amendment[], and of the recent holdings addressing the amendment[]." (*Id*. at 2.) Defendants assert that "[La. Rev. Stat. §] 22:1269(b)(1) identifie[s] only a right of action, not a cause of action." (*Id*.) In addition, Defendants contend that there is "ample jurisprudence also identifying the right in the Direct Action Statute as a procedural right of action against an insurer, contrary to the substantive action a plaintiff may have against the insured." (*Id*.) (citing *Dumas v. U.S. Fidelity & Guaranty Co*., 241 La. 1096, 134 So. 2d 45 (1961); *Descant*, 639 So. 2d 246; *Cacamo v. Liberty Mut. Fire Ins. Co.,* 1999-3479 (La. 6/20/00), 764 So. 2d 41, 43; *Green v. Auto Club Grp. Ins. Co.,* 2008-2868 (La. 10/28/09), 24 So.3d 182, 184.)

Secondly, Defendants claim that Plaintiff has no "vested property right" in any form of procedure. (*Id.* at 5.) (citing *Church Mut. Ins. Co. v. Dardar*, 145 So. 3d 271, 286–287 (La. 5/7/14) (citing *Sawicki v. K/S Stavanger Prince*, 01–0528, p. 10 (La. 12/7/01), 802 So.2d 598, 604–05; quoting *Denver & Rio Grande W. R. Co. v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 563 (1967).) Defendants maintain that the cases cited and relied upon by Plaintiff "relate the vested property right to **causes** of action that cannot be affected by retroactive application of law." (*Id*. at 6.) Defendants assert the amendment "would only affect the time, i.e. *the procedure*, in which Plaintiff may assert an action against Allianz" and therefore the retroactive application of the amendment "would not affect Plaintiff's **cause** of action." (*Id*.)

Lastly, Defendants acknowledge the two lines of cases addressing this issue. (*Id*. at 6.) (citing *Howard*, 2024 WL 4647820; *Baker*, 2024 WL 4345073.) Defendants assert that "Plaintiff attempts to push this Court away from applying valid jurisprudence in favor of applying the Direct Action Statute retroactively" by following the line of cases that improperly ignore the difference between a right of action and a cause of action. (*Id*.) Defendants claim that the proper line of cases

6

are those "akin to the *Howard* decision, not the *Baker* decision" (*Id.*) Therefore, Defendants contend that the recent amendment to the Direct Action Statute should be applied retroactively, and this Court should grant their motion. (*Id.* at 7.)

### B. Law and Analysis

Having carefully considered the matter, the Court finds that Defendants are not entitled to relief. On the one hand, Defendants are correct that the Direct Action Statute is a procedural law and that procedural laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. But, on the other hand, Plaintiff has the better argument on the crux of the motion—namely that the amendment to the Direct Action Statute cannot be applied retroactively to divest Plaintiffs of her right to sue the insurer which vested when she sued the insurer before the effective date of the amendment. Consequently, Defendants' motion will be denied.

#### 1. Applicable Law

As amended on August 1, 2024, Louisiana's Direct Action Statute, La. Rev. Stat. § 22:1269(B)(1) provides:

> The injured person or, if deceased, the persons identified in Civil Code Articles 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:
>
> (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
>
> (b) The insured is insolvent.
>
> (c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.

7

> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
>
> (e) When the insurer is an uninsured motorist carrier.
>
> (f) The insured is deceased.
>
> (g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

La. Rev. Stat. § 22:1269(B)(4)(a) and (c) further provide:

> (a) An insurer shall not be included in the caption of any action brought against the insurer pursuant to this Section. The action shall instead be captioned only against the insured defendant or other noninsurance defendants. . . .
>
> (b) A court may dismiss the action against any insured or other defendant if the action cannot proceed due to any of the circumstances in Paragraph (2) of this Subsection.

The question before the Court is whether the amendment to the Direct Action Statute applies retroactively or prospectively. This hinges on whether the amendment to the statute is considered procedural or substantive in nature. La. Civ. Code art. 6.

The court in *Blow v. OneBeacon America Ins. Co.* neatly summarizes the applicable law:

> The general rule against retroactive application of legislative enactments and its exceptions is codified in La. Civil Code art. 6, which provides: "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." Article 6, therefore, requires us to "first ascertain whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends unless the enactment impairs contractual obligations or vested rights. If no such intent is expressed, the enactment must be classified as either substantive, procedural or interpretive." *Keith v. U.S. Fid. & Guar. Co.*, 96–2075, p. 6 (La. 5/9/97), 694 So. 2d 180, 183. It is well accepted that substantive laws either establish new rules, rights, and duties or change existing ones. *See St. Paul Fire & Marine Ins. Co. v. Smith*,

8

> 609 So. 2d 809, 817 (La.1992). Interpretive laws, on the other hand, merely establish the meaning the statute had from the time of its enactment. *See id*. Procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws. *See Keith*, 96–2075, p. 6, 630 So. 2d at 183. Because the application of legislative enactments has constitutional implications under the due process and contract clauses of both the United States and Louisiana Constitutions, even where the Legislature has expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights. *See Keith*, 96–2075, p. 6, 630 So. 2d at 183.

2016-0301 (La. App. 4 Cir. 4/20/16) 193 So. 3d 244, 254.

The Louisiana Supreme Court has consistently interpreted the Direct Action Statute to be a procedural law. *See Burke v. Mass. Bonding & Ins. Co.*, 209 La. 495, 24 So. 2d 875 (1946); *Home Ins. Co. v. Highway Ins. Underwriters*, 222 La. 540, 62 So. 2d 828 (1952); *Dumas*, 134 So. 2d 45; *Descant*, 639 So. 2d 246; *Cacamo v. Liberty Mut. Fire Ins. Co.*, 1999-3479 (La. 6/30/00), 764 So. 2d 41; *Green*, 24 So. 3d 182; *Soileau*, 144 So. 3d 771. "The Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *Soileau*, 144 So. 3d 771, 775–76 (citing *Descant*, 639 So. 2d at 249). In addition, the Louisiana Supreme Court has stated that "no one has a vested right in any given mode of procedure." *Id*. at 286.

Courts are currently divided whether the amendment to the Direct Action Statute can be applied retroactively. In *Howard v. J&B Hauling, LLC*, the plaintiff filed an initial complaint against the defendant on April 13, 2022, and added the defendant's insurer in an amended complaint filed on June 18, 2024. 2024 WL 4647820, at *1 (E.D. La. Sept. 26, 2024). The original trial was continued, and the trial was set for October 24, 2024. *Id.* The defendant insurer then filed a motion to dismiss arguing that "Louisiana's Direct Action Statute was recently amended to prohibit suits against insurers when the insurer is not alleging a coverage defense." *Id*.

9

The court found the "Direct Action Statute has long been held to provide a procedural right of action against insurers" and therefore, "any change to that procedural right of action against insurers reflects a change in procedural law, not a substantive right." *Id*. at 4 (citing *Soileau*, 144 So. 3d at 775-6; *Descant*, 639 So. 2d at 249). The court went further and found that "[e]ven if the right of action against insurers was considered substantive, any amendment to the enforcement of that right would be procedural, as procedural laws are what 'prescribe[ ] a method for enforcing a substantive right . . . .'" *Id*. (citing *Binkley v. Landry*, 2000-1710 (La. App. 1 Cir. 9/28/01), 811 So. 2d 18, 23). Therefore, court held:

> [T]he amendment to the Direct Action Statute, which removed the right of an insured's direct action claim against insurers, save for certain, narrow exceptions, among other changes to the procedural right to sue insurers when a cause of action exists against the insured, creates new procedural law, not substantive law. [Direct Actions Against an Insurer, 2024 La. Sess. Law Serv. Act 275 (H.B. 337) (WEST).] Because the amended Direct Action Statute reflects procedural law, it applies retroactively considering there exists no legislative expression to the contrary.

*Id*. Therefore, the court in *Howard* found the amendment applied retroactively and granted the defendant insurer's motion and dismissed the defendant insurer. *Id*.

In other cases, courts have held that if a plaintiff files a direct action before the effective date of the amendment, a plaintiff cannot be retroactively divested of its procedural right granted by the Direct Action Statute because it is a "vested property right." *See Baker*, 2024 WL 4345073; *Smith*, 2024 WL 4462332; *Rogers v. Griffin*, No. 24-537 (La. App. 5 Cir. 12/20/24), 2024 WL 5183219.

"If a party acquires a right to assert a cause of action prior to a change in the law, that right is a vested property right, protected by the due process guarantees. If retroactive application of the law would divest that party of such a vested right, then retroactive application could be

10

constitutionally impermissible." *Walls v. Am. Optical Corp.*, 98-0455 (La. 9/8/99), 740 So. 2d 1262, 1268 (citing *Cole v. Celotex*, 599 So.2d 1058, 1061 (La. 1992)). "A right is vested when 'the right to enjoyment, present or prospective, has become the property of some particular person . . . as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit . . . does not constitute a vested right.'" *Church Mutual*, 145 So. 3d 271, 281 (citing *Sawicki*, 802 So. 2d at 604, quoting *Tennant v. Russell*, 214 La. 1046, 39 So.2d 726 (1949)).

In *Baker v. Amazon Logistics, Inc.*, the district court considered whether plaintiffs, who amended their complaint to add a direct claim against an insurer on July 31, 2024, one day before the effective date of the amendment, could do so. 2024 WL 4345073, at *2. The court reasoned that:

> [W]hile the procedural right to bring a direct action against an insurer is a "mere expectancy of a future benefit" until exercised, once that procedural right has been properly invoked, the plaintiff acquires a vested right in the pending action – essentially, the right to pursue the insured's substantive cause of action, i.e., the remedy sought to be effectuated by the direct action statute.

*Id*. at *5 (discussing *Church Mutual*, 145 So. 3d at 287).

Thus, the *Baker* court found that, because plaintiffs exercised their procedural right to sue the insurer on July 31, 2024, one day before the amendment's effective date, the amendment could not retroactively divest plaintiffs of their invoked procedural right. *Id*.; *See also Smith*, 2024 WL 4462332, at *5 (holding that plaintiff's "cause of action against [the insurer] became a vested right" prior to the amendment's effective date "when she brought suit against it as [defendant]'s insurer on March 21, 2024"). In reaching this conclusion, the court noted that "had [p]laintiffs moved to amend their complaint on or after August 1, 2024, there would have been no retroactive application of [the amendment] and the new law would have applied because when a procedural 'remedy is

11

invoked after the statute's enactment . . . the statute operates in the future regardless of the time of the events giving rise to the cause of action.'" *Baker*, 2024 WL 4345073, at *5.

Similarly, in *Rogers v. Griffin*, the court found "the reasoning in . . . *Baker* . . . persuasive." 2024 WL 5183219, at *3. The court stated:

> While the amendment to the Direct Action Statute may apply retroactively to a cause of action that arose before the amended statute's August 1, 2024 effective date, this retroactivity stands only in reference to causes of action for which suit had not yet been filed, and thus the plaintiff's right had not yet vested . . . . [P]laintiffs invoked their right to name insurer . . . as a co-defendant by filing suit before the amendments to the Direct Action Statute became effective. Where plaintiffs exercised their procedural right to sue the tortfeasor's insurer before the effective date of the statutory amendment, the Legislature cannot revoke that vested right.

*Id*. at *3.

In addition to the "vested right" argument, the court in *Maise v. River Ventures, L.L.C.*, recently denied retroactive application based on the failure of due notice and an opportunity to be heard. No. 23-5186, 2024 WL 4266698, at *2 (E.D. La. Sept. 23, 2024). In *Maise*, the plaintiff, a seaman, originally filed suit against his employer alone, but "[i]n his First Supplemental and Restated Complaint, filed on April 29, 2024, [plaintiff] added as defendants [the] alleged insurers of [his employer], pursuant to Louisiana's Direct Action Statute. . . ." *Id*. at *1. The defendant insurers then moved to dismiss due to the legislative amendment to the Direct Action Statue. *Id*. The court in *Maise* found that the defendant insurers were correct to "read Louisiana caselaw for the procedural nature of the Direct Action Statute[,]" and were "proper to understand it to have retroactive application." *Id*. at *2. However, the court found that "[d]efendant [i]nsurers' line of reasoning only takes them to the doorstep." *Id*.

The court found "the analysis shifted when the Louisiana Supreme Court weighed the procedural rules at the time of filing, rather than the time the action arose[,]" and in such a scenario,

"the court must assess whether the party received 'due notice and an opportunity to be heard.'" *Id*. (citing *Naquin v. Titan Indem. Co.*, 00-1585 (La. 2/21/01), 779 So. 2d 704, 708). The *Maise* court found "[a]t least one Louisiana appellate court has used such an analysis to find a procedural rule to apply only to cases filed after an effective date, but not before." *Id*. (citing *Jones v. Sewerage & Water Bd. of New Orleans*, 16-0691 (La. App. 4 Cir. 3/8/17), 213 So. 3d 497). The court therefore denied defendant insurers' motion seeking dismissal based on the retroactive application of the amendment and found that "the dismissal of Insured Defendants nearly a month before trial does not provide Maise with sufficient due notice and an opportunity to be heard." *Id*. The court found "[t]he claim as pled over three months before amendment to the Direct Action Statute [was] properly brought against Defendants. . . ." *Id*.

### 2. Analysis

The question before this Court is whether the amendment to the Direct Action Statute applies retroactively when Plaintiff filed suit before the amendment's effective date. Persuaded by the analysis in *Baker*, *Rogers*, and *Maise*, the Court finds that Plaintiff invoked her procedural right under the Direct Action Statute, prior to the amendment's effective date on August 1, 2024, and thus, the legislative amendment cannot apply retroactively to divest Plaintiff of that right.

The Louisiana Supreme Court has held that the Direct Action Statute is a procedural law. *Soileau*, 144 So. 3d at 780. The Direct Action Statute "become[s] operative only when and if the remedy [it] serve[s] to facilitate is invoked." *Church Mutual*, 145 So. 3d at 287. The Direct Action Statute "does not create an independent cause of action against the insurer[;] it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." *Soileau*, 144 So. 3d at 780. "The Direct Action Statute facilitates a remedy for an injured third-party against the insurer of the insured tortfeasor." *Taylor v. Elsesser*, No. 24-

13

2888, 2025 WL 471807, at *4 (E.D. La. Feb. 12, 2025). Therefore, "a plaintiff's right under the Direct Action [S]tatute is vested only when the plaintiff files suit, as it is at that moment that a plaintiff invokes his or her remedy conferred by the Direct Action [S]tatute." *Id.*; *see also Baker*, 2024 WL 4345073, at *5.

Here, Plaintiff filed suit against Allianz on November 16, 2023. Thus, Plaintiff's right was vested before August 1, 2024, the effective date of the amended statute. Although the Direct Action Statute is a procedural law, to apply the amendment retroactively would unconstitutionally divest Plaintiff of her vested right in the action against Allianz. *See Church Mutual*, 145 So. 3d at 280. Consequently, the amended Direct Action Statute does not apply to the instant case.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that *Defendants' Motion to Dismiss for Failure to State a Claim* (Doc. 23) filed by Allianz Underwriters Insurance Company and Saia Motor Freight Line, LLC, is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>April 22, 2025</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**